# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Todd Fortier, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 1591 |
| | ) |
| | ) Hon. Charles R. Norgle |
| Terani Law Firm, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Todd Fortier, presently a prisoner at the Dixon Correctional Center, brought this *pro se* diversity action alleging negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, fraud in the inducement of a contract and violation of the Illinois Consumer Fraud & Deceptive Business Practices Act. Presently before the Court is Defendants, Michael Terani and the Terani Law Firm's motion for summary judgment and several miscellaneous motions filed by Plaintiff.

### Background

Consistent with the local rules, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts and served Plaintiff a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1.

Local Rule 56.1(b)(3) requires that the opposing party's response to the movant's statement of undisputed facts must respond to each numbered paragraph and include specific references to supporting materials for those statements that are disputed. L.R. 56.1(b)(3)(B). In addition, the opposing party must submit their own statement of any additional facts that require denial of summary judgment, including references to supporting materials to support the additional statement of additional facts. L.R. 56.1(b)(3)(C).

Plaintiff failed to respond to Defendants' undisputed facts and he failed to submit his own statement of any additional facts that require denial of summary judgment. Instead, Plaintiff submitted a motion to deny or stay the motion for summary judgment or in the alternative to grant summary judgment in Plaintiff's favor. Plaintiff's "motion" does include Plaintiff's argument in opposition to Defendants' motion, Plaintiff's response to the multiple declarations submitted by Defendants, and copies of several exhibits Plaintiff relies upon in his opposition to the Defendants' motion.

Plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Given Plaintiff's failure to comply with Local Rule 56.1(b), Defendants' Local Rule 56.1(a)(3) statement are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th

Cir. 2009); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district courts's refusal to consider plaintiff's Rule 56.1 response that did not comply with local rule); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith v. Lamz,* 321 F.3d 680, 682-83 (7th Cir. 2003).

Based on the above, the pertinent facts are as follows:

Plaintiff was arrested in 2008 and charged with residential burglary. (Defs.' 56.1(a)(3) Statement ¶ 1.) Plaintiff hired attorney Patrick Fagan to represent him in the resulting state criminal case. (*Id.*, ¶ 2.) Fagan used the services of Juliet Yackel, a 'mitigation specialist' in his representation of Plaintiff. (*Id.*, ¶ 3.) Yackel's services were complete after she prepared a report for the state criminal court and attended a conference with the judge in that matter. (*Id.*, ¶ 4.) Plaintiff fired Fagan in early March 2011. (*Id.*, ¶ 5.)

Plaintiff hired the Terani Law Firm in early March 2011, to represent him in the state criminal matter. (Defs.' 56.1(a)(3) Statement ¶ 6.) Plaintiff executed a retainer agreement with the Terani Law Firm in early March 2011. (*Id.*, ¶ 7.) Plaintiff paid an initial retainer fee of $20,000 to the Terani Law Firm. (*Id.*, ¶ 17.) Michael Terani assigned Irving Federman, an attorney from Illinois and licensed to practice law in Illinois to Plaintiff's state criminal matter. (*Id.*, ¶ 10.) Federman met and talked with Plaintiff and Plaintiff was aware that Federman was sent by the Terani Law Firm. (*Id.*, ¶¶ 11-12.)

In May 2011, while represented by Federman, Plaintiff pled guilty in his state criminal matter. (Defs.' 56.1(a)(3) Statement ¶ 22.) Shortly thereafter, Plaintiff attempted to withdraw his guilty plea, both pro se and through counsel. (*Id.*, ¶ 24.) Plaintiff's attempts to withdraw

his guilty plea were denied. (*Id.*, ¶ 25.)

## Plaintiff's Allegations

In his complaint, Plaintiff alleges that he retained the Terani Law Firm after a family member spoke to him about the law firm after the family member saw an advertisement for the firm. The family member contacted the Terani Law Firm and provided it with Plaintiff's contact information. On or about March 4, 2011, Thomas Edwards (an alleged employee of the Terani Law Firm) contacted Plaintiff and made several claims regarding himself and the Terani Law Firm that Plaintiff later learned were false. These statements were made to induce Plaintiff to retain the Terani Law Firm. On March 7, 2011, Plaintiff transferred $20,000 into the Terani law firm account and Audrey Hazlett, an employee of the Terani Law Firm, transmitted a copy of the retainer agreement and medical release forms to a family member of the Plaintiff.

Shortly thereafter, Plaintiff attempted suicide by overdose. Plaintiff was taken to the Riverside Mental Institution. While at the Riverside Mental Institution, a family member brought the retainer agreement to Plaintiff for his signatures. Plaintiff signed the retainer agreement while at the Riverside Mental Institute. All Defendants were aware that Plaintiff was blind in one eye and visually impaired in the other eye and that he was at the Riverside Mental Institute when he signed the retainer agreement.

## Analysis

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In determining summary judgment

motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson*, 477 U.S. at 255 (quotation omitted). Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011).

Defendants first argue that Plaintiff's claims fail because any statements made to Plaintiff before he signed the retainer agreement have merged into the retainer agreement and are barred by the parole evidence rule. However, both the merger doctrine and parole evidence rule allow for extrinsic evidence based on fraud, as alleged here. *See Czarobski v. Lata*, 227 Ill. 2d 364, 371 (2008); *O'Brien v. Cacciatore*, 227 Ill. App. 3d 836, 845 (1992). Accordingly, the merger doctrine and parole evidence rule cannot bar the introduction of the alleged fraudulent statements by Thomas Edwards.

Defendants also argue that Plaintiff's claims fail on the merits.

Negligent Misrepresentation Claim

To prevail on a claim for negligent misrepresentation, a plaintiff must demonstrate: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate

information. *First Midwest Bank NA v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 334-35 (2006).

Plaintiff has failed to demonstrate that the Terani made any false statements of material fact to Plaintiff. In fact, Plaintiff concedes that he never spoke with Terani. Accordingly, Plaintiff has not demonstrated a claim of negligent misrepresentation against Terani. However, genuine issues of material fact exist as to whether Thomas Edwards was employed by Terani and/or had some type of relationship with Terani and/or the Terani Law Firm for respondeat superior liability to attach. For example, Plaintiff has provided a fax confirmation from Audrey Hazlett, who Terani admits was an employee of the Terani Law Firm, which references a conversation between Plaintiff and Thomas Edwards. Thus, at a minimum, it appears that staff of Terani knew that Thomas Edwards had spoken with Plaintiff regarding retaining the Terani Law Firm. Accordingly, summary judgment cannot be entered in Defendants' favor at this time.

Fraudulent Misrepresentation Claim

To prevail on a claim of fraudulent misrepresentation, a plaintiff must demonstrate: (1) a false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. *Soules v. Gen. Motors Corp.*, 79 Ill. 2d 282, 286 (1980). Again, Plaintiff has not demonstrated any false statements by the moving Defendants; however, the claim cannot be dismissed because of the same question of respondeat superior liability.

Fraudulent Concealment Claim

In order for a plaintiff to demonstrate fraudulent concealment under Illinois law, he must prove: (1) the concealment of a material fact; (2) that the concealment was intended to induce a

false belief, under circumstances creating a duty to speak; (3) that the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) that the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury. *Schrager v. North Comm. Bank*, 328 Ill. App. 3d 696, 706-07 (2002). Plaintiff has failed to demonstrate that the moving Defendants engaged in any type of concealment, as Terani never spoke with Plaintiff. However, the moving Defendants remain due to questions of fact regarding respondeat superior liability.

Fraud in the Inducement Claim

In order for a plaintiff to demonstrate fraud in the inducement of a contract, he must show: (1) a false representation of material fact, made with knowledge or belief of that representation's falsity, and (2) made with the purpose of inducing another party to act or to refrain from acting, where the other party reasonably relies upon the representation to its detriment. *Enterprise Recovery Sys., Inc. v. Salmeron*, 401 Ill. App. 3d 65, 72 (2010). Plaintiff has failed to demonstrate that the moving Defendants made a false representation of fact, as Terani never spoke with Plaintiff. However, the moving Defendants remain due to questions of fact regarding respondeat superior liability.

Illinois Consumer Fraud & Deceptive Practices Act Claim

Plaintiff also attempts to raise a claim for violation of the Illinois Consumer Fraud & Deceptive Practices Act. However, that Act in not applicable to claims arising out of the attorney-client relationship. *Cripe v. Leiter*, 184 Ill. 2d 185, 197-98 (1998). Accordingly, Plaintiff's claim for violation of the Act is dismissed with prejudice.

### Further Review Pursuant to 28 U.S.C. § 1915(e)(2)

Under 28 U.S.C. § 1915(e)(2), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the Court did previously conduct an initial review under the statute, upon closer review of the complaint it is clear that Plaintiff has not stated a claim against Audrey Hazlett. The only allegation as to Audrey Hazlett is that she sent correspondence to Plaintiff. There are no allegations that she made any statements to Plaintiff or engaged in any other conduct other than as some type of assistant with the Terani Law Firm. Accordingly, she dismissed without prejudice for failure to state a claim against her.

### Plaintiff's Miscellaneous Motions

Plaintiff submitted several motions in response to Defendants' motion for summary judgment; most of which merely disputed Defendants' affidavits and sought denial of Defendants' motion for summary judgment (although not labeled as such). Plaintiff's motion to deny or stay Defendants' motion for summary judgment in order to hold discovery or in the alternative grant summary judgment to Plaintiff is denied. Plaintiff's motions to reconsider the Court's July 16, 2015, orders are denied as moot. Plaintiff's [duplicate] motions for Rule 11 sanctions are denied; Plaintiff has not presented any evidence demonstrating the affidavits provided by Defendants all include false statements.

## Service on Thomas Edwards

The U.S. Marshal has not been able to serve Thomas Edwards because his last known address or present address is unknown. As discussed above, it appears that Thomas Edwards had some type of relationship with Defendants. Defendants are ordered to file a status report within 14 days indicating the relationship, if any, they had with Thomas Edwards. The status report must clarify the exhibit indicating Audrey Hazlett's reference to Thomas Edwards in her correspondence with Plaintiff. The status report shall include whether Defendants are aware of any location that Thomas Edwards may be found (without listing any specific addresses) so the Court may issue alias summons.

## Conclusion

Based on the above, Defendants' motion for summary [27] is denied without prejudice. Plaintiff's tort claims remain as to Thomas Edwards and the moving Defendants under a theory of respondeat superior. Plaintiff's Illinois Consumer Fraud & Deceptive Practices Act claim is dismissed with prejudice as to all Defendants. Defendant Audrey Hazlett is dismissed without prejudice. Plaintiff's motion to deny or stay Defendants' motion for summary judgment in order to hold discovery or in the alternative grant summary judgment to Plaintiff [34] is denied. Plaintiff's motions to reconsider the Court's July 16, 2015, orders [35], [36] are denied as moot. Plaintiff's [duplicate] motions for Rule 11 sanctions [39], [40] are denied. Defendants are ordered to file a status report within 14 days as discussed above.

Dated: 9-4-15

_____
United States District Judge